ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 03-20053-JAR |
| ) | 07-2383-JAR |
| CHRIS REESE, ) | |
| ) | |
| Defendant/Petitioner. ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Chris Reese filed a Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 102). A jury convicted petitioner of conspiracy to distribute more than fifty grams of a controlled substance and of possession with intent to distribute more than five grams of cocaine base and acquitted him of possessing a firearm in furtherance of drug trafficking and of maintaining a drug house. Petitioner was sentenced in a judgment entered on January 7, 2004, to 130 months' imprisonment on both counts, to run concurrently. On August 16, 2005, the Tenth Circuit affirmed petitioner's conviction and sentence.[1] On January 9, 2006, the Supreme Court denied petitioner's writ of certiorari.[2]

Petitioner filed this habeas petition on August 14, 2007, stating three grounds for habeas relief: (1) prosecutorial misconduct during the trial; (2) ineffective assistance of counsel; and (3) a *Booker* violation in sentencing.

---

[1] 145 F. App'x 269 (10th Cir. 2005).

[2] 546 U.S. 1113 (2006).

1

The Court has jurisdiction in this case under 28 U.S.C. § 2255, which in relevant part permits "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . [to] move the court which imposed the sentence to vacate, set aside or correct the sentence."[3] This Court denies petitioner's motion because it was filed out of time. Petitioner filed his petition on August 14, 2007. Section 2255 states that habeas motions must be filed within one year from the latest of: (1) the date on which the judgment becomes final; (2) the date on which any impediment to making such a motion caused by government action is removed; (3) the date on which an applicable new Supreme Court decision is rendered; (4) or the date on which new evidence could have been discovered.[4]

For purposes of section 2255, the Tenth Circuit considers a judgment of conviction final when United States Supreme Court denies a petition for a writ of certiorari after a direct appeal.[5] The one-year limitation period of section 2255 is treated as 365 calendar days.[6] The statute of limitations began to run in this case on the date on which the Supreme Court denied certiorari on January 9, 2006 because petitioner has not shown any impediment to making a habeas motion caused by government action, an applicable new Supreme Court decision, or newly discovered evidence. Thus, as of January 9, 2007, petitioner was time-barred from filing a habeas petition. Because petitioner's motion was filed outside the statute of limitation, the Court denies his

---

[3] 28 U.S.C. § 2255.

[4] 28 U.S.C. § 2255(1)-(4). Because petitioner filed his petition for habeas relief after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the AEDPA applies to his petition. *See generally Lindh v. Murphy*, 521 U.S. 320 (1997).

[5] *United States v. Willis*, 202 F.3d 1279, 1280–81 (10th Cir. 2000).

[6] *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) (holding that the anniversary rule applies to the one-year limitation period under AEDPA); *Marsh v. Soares*, 223 F.3d 1217, 1218 (10th Cir. 2000).

request for habeas relief.

**IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 102) is **DENIED**.

IT IS SO ORDERED.

Dated this 24th day of August 2007.

                         S/ Julie A. Robinson
                         **JULIE A. ROBINSON**
                         **UNITED STATES DISTRICT JUDGE**